IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JAMES TYLER** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 15-1666** |
| **AMTRAK** | * | |
| Defendant | * | |

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB 10 P 2:28

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

## MEMORANDUM OPINION

Plaintiff James Tyler brought this suit, *pro se*, against Defendant Amtrak pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Amtrak now moves to dismiss the suit for lack of prosecution. ECF No. 17. The Court, finding that Mr. Tyler has been unavailable and unresponsive for approximately six months, will **GRANT** Amtrak's Motion and **DISMISS** all claims in this suit pursuant to Federal Rule of Procedure 41(b).

### I.

On June 9, 2015, Mr. Tyler filed the two-page complaint in this suit, alleging violations of the ADEA, 29 U.S.C. § 621, *et seq.* ECF No. 1. Amtrak filed an answer on July 30, 2015, ECF No. 6, to which Mr. Tyler filed a response on August 12, 2015. ECF No. 11. On August 13, 2015, Amtrak responded to the Court's Scheduling Order, noting that it had been unable to reach Mr. Tyler to discuss the Scheduling Order and possible settlement negotiations because his listed phone number was incorrect. ECF No. 10. The following day, August 14, 2015, Mr. Tyler filed a Motion to Appoint Counsel, ECF No. 14, to which the Court issued a Memorandum Order,

instructing Mr. Tyler to file additional financial information, as well as the findings of the state or local fair employment practices agency that investigated his case. ECF No. 13.

Mr. Tyler did not respond to the Court's Memorandum Order and has engaged in no other activity on the docket since August 14, 2015.

On December 14, 2015, Amtrak filed a status report per the Court's Scheduling Order, stating that Mr. Tyler had been unresponsive to written discovery requests and had not appeared for his noticed deposition. ECF No. 14. In addition, Amtrak noted that Mr. Tyler's contact information was not up to date, so Amtrak had been unable to serve him with its filings or discovery requests or contact him by phone. *Id.*

On January 11, 2016, Amtrak moved to Dismiss for Lack of Prosecution, or, in the Alternative, to Compel Discovery Responses and Extend Summary Judgement Deadline. ECF No. 17. Mr. Tyler did not respond to this Motion.

Amtrak seeks dismissal pursuant to Federal Rule of Civil Procedure 41(b) for Mr. Tyler's failure to prosecute the present suit, and Rule 37(d) for failure to respond to discovery requests, including Tyler's failure to appear for his noticed deposition. *See* ECF Nos. 17, 17-1 at 3–4.

## II.

Rule 41(b) provides: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). In assessing whether to dismiss under Rule 41(b), the court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." *Kimble v. Colvin*, No.

CIV. TMD 14-1988, 2015 WL 3767183, at *1 (D. Md. June 16, 2015) (quoting *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982) (internal quotation marks omitted)).

The Court finds that all four factors weigh in favor of dismissal. First, Mr. Tyler is entirely responsible for the delay. Since Mr. Tyler's Motion to Appoint Counsel on August 14, 2015, ECF No. 12, the docket reflects no activity on his part. He failed to respond the Court's Memorandum Order to provide more information pertaining to his financial status, ECF No. 13, as well as the present Motion to Dismiss. Furthermore, Amtrak's counsel attests that Mr. Tyler failed to respond regarding the Court's July 31, 2015 Scheduling Order, Amtrak's written discovery requests, and his own noticed deposition. *See* ECF Nos. 17-2, 17-3.

Second, Mr. Tyler's failure to prosecute has caused Amtrak significant prejudice, because it has been both unable to address his claims on the merits and to engage in settlement discussions with Mr. Tyler. *See* ECF No. ECF 17-2 ¶ 2. Third, Mr. Tyler now has a sufficiently "drawn out history" of failure to prosecute: he has not responded to the Court's Orders or Amtrak's motions and discovery requests for approximately six months.

Finally, there is no appropriate sanction besides dismissal. In addition to Mr. Tyler's clear abandonment of the case, Amtrak's counsel attests that Mr. Tyler's contact information is out of date. The documents Amtrak attempted to serve on Mr. Tyler were returned undeliverable and his listed phone number from the EEOC Charge of Discrimination is incorrect. *See* ECF No. 17-2 ¶¶ 2–7.

Accordingly, the Court finds that all four factors pursuant to Rule 41(b) weigh in favor of dismissal.

## III.

Therefore, Amtrak's Motion to Dismiss for Lack of Prosecution, ECF No. 17, is **GRANTED,** and all of Mr. Tyler's claims are **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE.**

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February \_8\_, 2016**