IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JAMES TYLER,** *pro se* | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 15-1666** |
| | * | |
| **AMTRAK** | * | |
| | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM OPINION**

*Pro se* plaintiff James Tyler sued Amtrak for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. The Court granted Amtrak's Motion to the Dismiss the suit for failure to prosecute on February 10, 2016. More than seven months later, Tyler has filed a Motion asking the Court to reopen the case. For the reasons that follow, the Court **DENIES** Tyler's Motion.

**I.**

On June 9, 2015, Tyler filed the two-page complaint in this suit, consisting of only the barest of barebones allegations that Amtrak violated the ADEA, 29 U.S.C. § 621, *et seq*. ECF No. 1. Amtrak filed an Answer on July 30, 2015, ECF No. 6, to which Tyler filed a response on August 12, 2015. ECF No. 11. On August 13, 2015, Amtrak responded to the Court's Scheduling Order, noting that it had been unable to reach Tyler to discuss the Scheduling Order as well as possible settlement negotiations because his listed phone number was incorrect. ECF No. 10. The following day, August 14, 2015, Tyler filed a Motion to Appoint Counsel, ECF No. 14, in response to which the Court issued a Memorandum Order, instructing Tyler to file

additional financial information, and to send a copy of the findings of the state or local fair employment practices agency that investigated his case. ECF No. 13.

Tyler never responded to the Court's Memorandum Order. According to Amtrak, he was also unresponsive to written discovery requests and did not appear for his noticed deposition. ECF No. 14. Amtrak was also unable to serve Tyler or contact him by phone because Tyler did not keep his contact information up-to-date with the Court. *Id.*

On February 10, 2016, the Court granted Amtrak's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) because of Tyler's failure to prosecute his suit. ECF No. 17. The Court found Tyler entirely responsible for the delay. His failure to prosecute unquestionably caused Amtrak significant prejudice. For all intents and purposes, Tyler appeared to have abandoned his case.

On September 2, 2016, after more than seven months, Tyler filed a Motion to Reopen the Case and Notice of Change of Address. His Motion stated only that the "Plaintiff had some health problems and regret [sic] the delay in his discrimination complaint. Plaintiff move [sic] to reopen his employment discrimination case." ECF No. 22. Amtrak filed its Opposition on September 16. ECF No. 23. Tyler did not reply.

**II.**

The Court construes Tyler's Motion to Reopen the Case as a Motion for Relief from a Final Judgment pursuant to Fed. R. Civ. P 60 (b)(6), which provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment order, or proceeding for . . . any other reason that justifies relief."

Though the language of Fed. R. Civ. P 60 (b)(6) is facially broad, "its context requires that it may be invoked in only extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496,

500 (4th Cir. 2011). Imposing a narrow reading on Rule 60(b)(6) is "essential if the finality of judgments is to be preserved." *Id.* (*quoting Liljeberg v. Health Servs. Acquisition Corp,* 486 U.S. 847, 873 (1988)(Rehnquist, C.J., dissenting)). The Fourth Circuit thus requires that a motion under Rule 60(b)(6) "be filed on 'just terms' and within 'a reasonable time'—that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* at 501. A party is barred from asserting an argument that could have been raised in an appeal. *Id.*

Here Tyler has met none of these conditions. The motion was filed more than seven months after the Court's decision dismissing his case and more than a year since Tyler had last participated in this litigation. Nor does Tyler's claim in his Complaint appear to be plausible, much less meritorious. His allegation that he applied for two jobs at Amtrak and was not thereafter contacted does not suffice to plead a claim of employment discrimination. Finally, the Court finds that Amtrak, which attempted to engage with Tyler for several months, would be unfairly prejudiced by having the judgment set aside.

**III.**

For these reasons, Tyler's Motion to Reopen the Case, ECF No. 22, is **DENIED**.

A separate Order will **ISSUE.**

                                             /s/
                                    **PETER J. MESSITTE**
                                **UNITED STATES DISTRICT JUDGE**

**October 24, 2016**